IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRON C. PRICE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No.: **3:09-cv-00831-JPG-PMF** |
| ) | |
| DAVE REDNOUR, Warden, ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Philip M. Frazier by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the disposition of Petitioner Terron Price's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. For the following reasons, it is **RECOMMENDED** that Petitioner's Petition (Doc. 1) be **DENIED**, and that the Court decline to issue a Certificate of Appealability.

### FINDINGS OF FACT

Petitioner Terron Price, following a jury trial in the Circuit Court of Jackson County, Illinois, was convicted of the first degree murder and attempted armed robbery for which he was sentenced to concurrent terms of forty and fifteen years of imprisonment, respectively. *Doc. 14, Exh. D at 1-3.* In his appeal from this conviction, Petitioner raised two claims:

A. petitioner's right to a fair trial was denied because he was compelled to wear an electronic stun belt at trial, and the trial judge did not identify circumstances in his case warranting this restraint; and

B. petitioner should be credited with additional days against his sentence for time he spent in custody after his arrest out-of-state. *Doc. 14, Exh. A*.

On April 13, 2005, the state appellate court affirmed his convictions but remanded to the circuit court to amend the judgment order and mittimus to reflect credit for eight additional days of sentencing credit. *Doc. 14, Exh. D.*

Petitioner subsequently filed a petition for leave to appeal in the Illinois Supreme Court, raising only the stun belt claim. *Doc. 14, Exh. E*. On September 27, 2006, the Illinois Supreme Court denied the petition for leave to appeal. *Doc. 14, Exh. F*.

On June 26, 2007, petitioner filed a pro se postconviction petition in the Circuit Court of Jackson County in which he raised four claims:

A. petitioner's rights to due process and a fair trial were violated when he was forced to wear an electronic stun belt during trial without a showing of necessity;

B. trial counsel was ineffective for failing to include the stun belt issue in a post-trial motion, thereby procedurally defaulting the issue for appeal;

C. appellate counsel was ineffective for failing to argue on direct appeal that trial counsel was ineffective for causing the procedural default of the stun belt issue; and

D. petitioner's rights to due process and a fair trial were violated when the jury was exposed to unauthorized prejudicial evidence that the trial court had ordered redacted and excluded: an audiotape of an oral statement by petitioner about the case mentioning "gang banging" and being on parole for a weapons offense. *Doc. 14, Exh. G*.

On September 20, 2007, the state trial court dismissed the postconviction petition, in part because the petition was untimely. *Doc. 14, Exh. H*. Petitioner appealed and asserted three claims:

A. petitioner's rights to due process and a fair trial were violated when he was forced to wear an electronic stun belt during trial without a showing of necessity;

B. appellate counsel was ineffective by failing to raise the stun belt issue on direct appeal; and

C. petitioner's rights to due process and a fair trial were violated when the jury was exposed to unauthorized prejudicial evidence that the trial court had ordered redacted and excluded: an audiotape of an oral statement by petitioner about the case mentioning "gang banging" and being on parole for a weapons offense. *Doc. 14, Exh. I*.

On August 31, 2009, the state appellate court affirmed after accepting the State's concession that the petition was timely filed. *Doc. 14, Exh. K*.

Petitioner filed a petition for leave to appeal in the Illinois Supreme Court, raising five claims:

A. the appellate court erred in affirming dismissal of his postconviction petition under the state supreme court case of *People v. Hodges*, 912 N.E.2d 1204 (Ill. 2009);

B. petitioner's rights to due process and a fair trial were violated when he was forced to wear an electronic stun belt during trial without a showing of necessity;

C. trial counsel was ineffective for failing to include the stun belt issue in a post-trial motion, thereby procedurally defaulting the issue for appeal;

D. appellate counsel was ineffective for failing to argue on direct appeal that trial counsel was ineffective for causing the procedural default of the stun belt issue; and

E. petitioner's rights to due process and a fair trial were violated when the jury was exposed to unauthorized prejudicial evidence that the trial court had ordered redacted and

excluded: an audiotape of an oral statement by petitioner about the case mentioning "gang banging" and being on parole for a weapons offense. *Doc. 14, Exh L*.

On January 27, 2010, the Illinois Supreme Court denied the petition for leave to appeal. *Doc. 14, Exh. M*.

On October 7, 2009, petitioner filed the instant petition in which he raises the following four claims:

A. trial counsel was ineffective for failing to object to the use of an electronic stun belt;

B. petitioner's rights to due process and a fair trial were violated when he was forced to wear an electronic stun belt during trial without a showing of necessity;

C. appellate counsel was ineffective for failing to argue on direct appeal that trial counsel was ineffective for failing to object to the use of an electronic stun belt; and

D. petitioner's rights to due process and a fair trial were violated when the jury was exposed to unauthorized prejudicial evidence that the trial court had ordered redacted and excluded: an audiotape of an oral statement by petitioner about the case mentioning "gang banging" and being on parole for a weapons offense. *Doc. 1*.

## CONCLUSIONS OF LAW

### I. *Applicable Legal Standards*

A state prisoner is barred from receiving federal habeas relief unless the prisoner has properly presented his claims in state court; failure to do so constitutes a procedural default that precludes federal court review. *Johnson v. Pollard*, 559 F.3d 746, 751-52 (7th Cir. 2009). Procedural default is a preliminary issue before a federal court's consideration of the merits of a claim. *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997). The procedural default doctrine applies

4

to state prisoners challenging their conviction in federal court. *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977).

A procedural default can occur one of two ways.  First, a procedural default may occur if the state court actually imposes a procedural bar.  It is not enough that the state court could (or should) have imposed a default under state law; it must actually have done so. *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985).  A federal court, therefore, is not permitted to reach the merits of a habeas claim "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Grigsby v. Cotton*, 456 F.3d 727, 732 (7th Cir. 2006). The failure to satisfy state procedural requirements, with regard to the claims raised in federal court, deprives the state courts of an opportunity to address those claims in the first instance, contrary to the rules of comity and federalism. *Coleman* at 731.  Second, if the petitioner fails to properly exhaust his claims in state court, and the claims can no longer be raised in state proceedings because of a failure to follow the prescribed state procedure for presenting such issues, the claims are exhausted, but procedurally defaulted. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); s*ee also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims"). Specifically, issues raised in state court must be submitted for "one complete round" of the state appellate review process to be considered in the habeas forum. *O'Sullivan* at 845.  A complete round in Illinois includes two tiers of appellate review, although most cases on the Illinois Supreme Court's docket are heard at the discretion of the court. *O'Sullivan* at 845.

A requirement of the procedural default doctrine is that the state court have actually applied the state procedural bar to the petitioner's federal claims. This is most clearly satisfied where the state court explicitly states that is what it is doing. But it will not always be easy to determine whether a state court decision of the federal claims was on the merits, or instead on state procedural grounds. "State court opinions will, at times, discuss federal questions at length and mention a state law basis for decision only briefly. In such cases, it is often difficult to determine if the state law discussion is truly an independent basis for decision or merely a passing reference. In other cases, state opinions purporting to apply state constitutional law will derive principles by reference to federal constitutional decisions from this Court. Again, it is unclear from such opinions whether the state law decision is independent of federal law." *Coleman* at 732. To address this problem, the Court in *Harris v. Reed*, 489 U.S. 255 (1989), developed the "plain statement" rule.

The plain statement rule provides that a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case "clearly and expressly" stated that its judgment rests on a state procedural bar. However, the rule of *Harris* "applies only when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law." *Coleman* at 739. If the state decision appears to rest primarily on federal law, or be interwoven with the federal law, only then does the federal court look at whether the state court clearly and expressly based its ruling on a state procedural ground. Absent a clear and express statement that the ruling was on procedural grounds, the claim is not procedurally defaulted.

If a petitioner has procedurally defaulted a claim, he may escape the consequences of the default by showing either cause and actual prejudice, or a miscarriage of justice. *Wainwright v.*

*Sykes*, 433 U.S. 72, 87 (1977). The Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Nevertheless, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The *Murray* court identified the following as objective impediments to compliance with a procedural rule: (1) interference by officials that makes compliance with the state's procedural rule impractical; (2) a showing that the factual or legal basis for the claim was not reasonably available; and (3) the procedural default was the result of ineffective assistance of counsel, viz., failing to properly preserve a federal constitutional claim for review in state court. *Murray* at 488–89.

Ineffective assistance of counsel can constitute "cause" to excuse a procedural default if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred. *Coleman* at 752–53. Criminal defendants have a constitutional right to the effective assistance of counsel at trial and for all direct appeals the state grants as of right. *Evitts v. Lucey*, 469 U.S. 387, 393 (1985). Where the "cause" is ineffectiveness of counsel, the underlying ineffectiveness claim must have been exhausted in state court. *Murray* at 489. But if the claim of ineffectiveness is itself defaulted, it cannot be the basis for cause, unless the petitioner can establish cause and prejudice with respect to that ineffectiveness claim too. *Edwards* at 452–54.

In addition to establishing cause for the default, the petitioner must show there was actual prejudice from the inability to raise the issue. *Murray* at 494. The Supreme Court has not attempted to establish conclusively the contours of the prejudice standard. *Amadeo v. Zant*, 486 U.S. 214, 221 (1988). But it has made clear that the petitioner must demonstrate "not merely

7

that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982).

The second procedural default exception – a "fundamental miscarriage of justice" – is limited to the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Such claims of actual innocence are "extremely rare." *Id*. at 321.  A petitioner who asserts actual innocence to excuse a default must establish that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *Id.* at 327.

## II. *Petitioner's Habeas Claims*

Respondent argues that all four of Petitioner's Habeas claims have been procedurally defaulted.  The Court will address these claims individually.

### a. *Trial Counsel's Failure to Object to the Use of a Stun Belt*

The first claim presented by Petitioner in his Petition is that he is entitled to habeas relief because his trial counsel provided him with ineffective assistance by failing to object to the use of a stun belt.  As indicated above, Petitioner failed to raise this argument during the appeal from his conviction.  Petitioner did, however, raise this issue in his June 26, 2007 postconviction petition in the Circuit Court of Jackson County.  After the Jackson County Circuit Court dismissed the postconviction petition on September 20, 2007, Petitioner appealed.  In his brief, Petitioner only raised three claims: (1) due process and fair trial violations by being forced to wear a stun belt; (2) appellate counsel's ineffectiveness by failing to raise the stun belt issue on appeal; and (3) inadmissible evidence was heard by the jury. *Doc. 14, Exh. I*.  Thus, Petitioner

failed to raise the ineffectiveness of trial counsel issue on appeal, and accordingly, this claim was procedurally defaulted because it was not presented in one complete round of state court proceedings.

In his Reply, Petitioner argues that "procedural default does not apply to petitioner's first…claim[]. Therefore, procedural default should be excused because failure to do would result in a miscarriage of justice." *Doc. 20*. As stated above, the fundamental miscarriage of justice exception to the procedural default doctrine is limited to the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup* at 321. In the case at hand, there is no indication, nor has it been argued, that Petitioner is actually innocent. Because of the lack of one complete round of state court review of this particular claim, and the failure by Petitioner to indicate why an exception to the procedural default rule applies, Petitioner's ineffective trial counsel claim is procedurally defaulted, and should therefore be dismissed.

### b. *Due Process and Fair Trial Violations by Being Forced to Wear a Stun Belt*

The second claim presented by Petitioner in his Petition is that he is entitled to habeas relief because his due process rights and his right to a fair trial were violated when he was forced to wear an electronic stun belt during trial. As stated above, Petitioner raised this claim in one complete round of state court proceedings during the direct appeal from his conviction. Nonetheless, Respondent argues that this claim is procedurally defaulted because the state appellate court rejected it on an independent and adequate state ground.

The Order of the Appellate Court of Illinois for the Fifth District on Petitioner's appeal from his conviction acknowledged that "defendant admits that his failure to raise in a written posttrial motion the issue of his wearing of a stun belt during the trial constitutes a procedural

9

default of the issue, but he urges this court to consider it under the plain error rule." *Doc. 14, Exh. D*. Under Illinois law, the plain-error doctrine warrants consideration of a defaulted claim on the merits only if either the evidence is closely balanced or if the error is of such magnitude that it denied the defendant a fair trial. *People v. Evans*, 808 N.E.2d 939, 956 (Ill. 2004).

The state appellate court held that the evidence was not closely balanced given overwhelming evidence of guilt and that petitioner was not denied a fair trial because his "ability to present a defense was not compromised by the stun belt and that the stun belt did not contribute to his conviction." *Doc. 14, Exh. D* at 7-10. Accordingly, the court found that the stun belt issue was procedurally defaulted. *Id.* at 10. The appellate court, therefore, never considered Petitioner's claim on the merits, but rather only reviewed the claim in deciding whether the procedurally defaulted claim rose to the level of plain error so as to warrant a merits-based review. As the Seventh Circuit Court of Appeals has held, a decision that a defaulted claim is not plain error is not a decision on the merits. *Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010).

In Petitioner's Reply, he appears to argue that cause exists to except him from the procedural default rule because of his previous ineffective assistance of counsel claims. As indicated above, however, where the cause is ineffectiveness of counsel, the underlying ineffectiveness claim must have been exhausted in state court. *Murray* at 489. If the claim of ineffectiveness is itself defaulted, it cannot be the basis for cause, unless the petitioner can establish cause and prejudice with respect to that ineffectiveness claim too. *Edwards v. Carpenter*, 529 U.S. 446, 452–54 (2000). As explained in subsections a and c, *supra* and *infra* respectively, Petitioner has failed to raise his ineffective assistance of counsel claims in one complete round of state court proceedings. Accordingly, Petitioner's stun belt claim is procedurally defaulted, and should therefore be dismissed.

### c. *Appellate Counsel's Failure to Argue Trial Counsel's Ineffectiveness by Failing to Object to the Use of a Stun Belt*

The third claim presented by Petitioner in his Petition is that he is entitled to habeas relief because appellate counsel was ineffective by failing to raise the issue of trial counsel's ineffectiveness in failing to object to the use of a stun belt. As indicated above, Petitioner failed to raise this argument during the appeal from his conviction. Petitioner did, however, raise this issue in his June 26, 2007 postconviction petition in the Circuit Court of Jackson County. After the Jackson County Circuit Court dismissed the postconviction petition on September 20, 2007, Petitioner appealed. In his brief, Petitioner only raised three claims: (1) due process and fair trial violations by being forced to wear a stun belt; (2) appellate counsel's ineffectiveness by failing to raise the stun belt issue on appeal; and (3) inadmissible evidence was heard by the jury. *Doc. 14, Exh. I*. In his brief, however, Petitioner states that the appellate counsel claim "is refuted by the appellate court's decision." *Id.* at 10. The brief goes on to state that "[n]evertheless, the final allegation contained in the petition for post-conviction relief…could not have been raised on direct appeal, and requires an evidentiary hearing." *Id.* In essence, Petitioner conceded that the only claim actually being presented in his appeal from the denial of postconviction relief was that related to the inadmissible evidence heard by the jury. Thus, Petitioner failed to raise the ineffectiveness of appellate counsel issue on appeal, and accordingly, this claim was procedurally defaulted because it was not presented in one complete round of state court proceedings.

In his Reply, Petitioner argues that "[p]etitioner did inform appellate counsel by letter to raise all four issues [presented in the postconviction petition] on appeal. Appellate Counsel's unreasonable assistance in failing to raise an issue on appeal can constitute "cause" even if

counsel's unreasonable assistance did not violate the constitution under requirements." *Doc. 20*. As stated above, however, ineffective assistance of counsel can constitute "cause" to excuse a procedural default only if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred. *Coleman* at 752–53. Criminal defendants have a constitutional right to the effective assistance of counsel at trial and for all direct appeals the state grants as of right. *Evitts v. Lucey*, 469 U.S. 387, 393 (1985). As the *Coleman* court stated, "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman* at 752. Although counsel was appointed for Petitioner's appeal of the denial of his postconviction relief, he did not have a constitutional right to said counsel. Because of the lack of one complete round of state court review of this particular claim, and the failure by Petitioner to present a valid reason why cause exists to except him from the procedural default rule, Petitioner's ineffective appellate counsel claim is procedurally defaulted, and should therefore be dismissed.

### d. *Due Process and Fair Trial Violations by the Jury's Exposure to Unauthorized Prejudicial Evidence*

The fourth and final claim presented by Petitioner in his Petition is that he is entitled to habeas relief because his rights to due process and a fair trial were violated when the jury was exposed to prejudicial evidence that the trial court had ordered redacted and excluded, specifically; an audiotape containing an oral statement by petitioner mentioning "gang banging" and being on parole for a weapons offense. As indicated above, Petitioner did not raise this claim on direct appeal, but he did raise it in one complete round of state court proceedings on his postconviction petition. As to this claim, the trial court stated "there was no objection or argument issue raised during trial, or post-trial motions, or on appeal, nor any allegations on showing of any prejudice, accordingly, the issue is waived." *Doc 14, Exh. H*. On appeal, the

12

Appellate Court of Illinois for the Fifth District agreed, stating that "the postconviction forfeiture rule should not be relaxed here."[1] Petitioner's claim, therefore, remains procedurally defaulted because the state trial and appellate courts both rejected it on an independent and adequate state ground.

In his Reply, Petitioner appears to argue that it would be a fundamental miscarriage of justice to not excuse his procedural default. As already established, however, the fundamental miscarriage of justice exception to the procedural default doctrine is limited to the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup* at 321. In the case at hand, there is no indication, nor has it been argued, that Petitioner is actually innocent. Petitioner's claim, therefore, has previously been disposed of by the state appellate court on independent and adequate state grounds, and thus, Petitioner's claim is procedurally defaulted, and should therefore be dismissed.

### III.    *Certificate of Appealability*

Upon entering an order denying habeas relief, the Court must issue or deny a certificate of appealability ("COA"). *Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts*. Where a district court denies a habeas petition on procedural grounds, in order to obtain a COA, the Petitioner must show that jurists of reason would find it debatable whether petitioner has alleged at least one meritorious claim, and that these same jurists would find the procedural ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not find it debatable that all of Petitioner's claims are procedurally defaulted, and therefore, Petitioner's claims shall not be certified for appeal.

---

[1] Respondent points out that Illinois courts often use the terms "forfeiture" and "waiver" interchangeably to mean issues that could have been raised – but were not – and are therefore barred. *People v. Blair*, 831 N.E.2d 604, 615 (Ill. 2005). This is illustrated here by the fact that the trial court used "waived," and the appellate court used the term "forfeiture."

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Petitioner's Petition (Doc. 1) be **DENIED**, and that the Court decline to issue a Certificate of Appealability.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1 (b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**SO RECOMMENDED.**

**DATED: September 27, 2010.**

> */s/ Philip M. Frazier*
> HON. PHILIP M. FRAZIER
> UNITED STATES MAGISTRATE JUDGE