UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

TERRON C. PRICE,

  Petitioner,

v.

DAVE REDNOUR, Warden,
Menard Correctional Center,

  Respondent.

Case No. 09-cv-831-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Philip M. Frazier's Report and Recommendation ("R & R") (Doc. 21) of September 27, 2010, wherein it is recommended that the Court deny Petitioner Terron Price's ("Price") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Price filed an Objection (Doc. 24), to which Respondent Dave Rednour did not file a response.

For the following reasons, the Court **ADOPTS** the R & R (Doc. 21), which denies Price's Petition for Writ of Habeas Corpus (Doc. 1).

## STANDARD OF REVIEW

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.

1999).

Here, Price did not timely object to the portion of the R & R recommending that his claims relating to the jury's exposure to unauthorized, prejudicial evidence be dismissed due to procedural default. Accordingly, the Court has reviewed this portion of the R & R for clear error and finds that it is not clearly erroneous.

Price, however, objected to the portions of the R & R that recommend as follows: (1) Price procedurally defaulted his ineffective trial counsel claim, and it should be dismissed; (2) Price procedurally defaulted his due process and fair trial violations claims for being forced to wear a stun belt, and they should be dismissed; and (3) Price procedurally defaulted his ineffective appellate counsel claim, and it should be dismissed. Because Price timely objected, the Court will be reviewing the R & R *de novo* with regard to said recommendations.

## BACKGROUND

**I.  Price's Trial and Direct Appeal**

Following a jury trial, the Circuit Court of Jackson County, Illinois, convicted Price of first degree murder and attempted armed robbery, and subsequently sentenced Price to concurrent terms of forty and fifteen years, respectively. On direct appeal, Price raised the claim that he "was denied a fair trial because he was compelled to wear an electronic stun belt" at trial, and "the judge did not identify any circumstances particular to the case that merited" the stun belt restraint. *Doc. 14, Exh. A*. Price conceded he defaulted this issue because he failed to raise the issue in a post-trial motion**,** and the appellate court reviewed the claim for plain error.[1] The appellate court

---

[1] In Illinois, "[c]ourts of review may consider a waived error under the plain error doctrine in two circumstances, where the evidence is closely balanced and where the error is of such magnitude that it denied the accused of a fair and impartial trial." *Illinois v. Evans*, 808 N.E.2d 939, 956 (Ill. 2004).

2

ultimately found that the stun belt did not constitute plain error. On April 13, 2005, Price filed a petition for leave to appeal to the Illinois Supreme Court, where he appealed the stun belt claim. Thereafter, on September 27, 2006, the Illinois Supreme Court denied Price's petition for leave to appeal.

II.     Price's State Postconviction Proceedings

Price filed a *pro se* petition for postconviction relief in the Circuit Court of Jackson County, Illinois, on June 26, 2007. In his postconviction relief petition, Price raised the following four claims: (1) due process and fair trial rights violations due to the stun belt; (2) ineffective assistance of counsel when trial counsel failed to include the stun belt issue in a post-trial motion, resulting in procedural default on appeal;[2] (3) ineffective assistance of counsel on direct appeal due to appellate counsel's failure to raise the issue of trial court's ineffective assistance of counsel in not preserving the stun belt issue for appeal; and (4) due process and fair trial violations due to the unauthorized, prejudicial evidence which the trial court had ordered redacted and excluded. On September 20, 2007, the Circuit Court of Jackson County, Illinois, dismissed Price's petition for postconviction relief as untimely filed.[3]

Price, through the Illinois State Appellate Defender's office, appealed the dismissal of his postconviction petition. Price's counsel conceded that Price's first allegation in his

---

[2] Price's petition for postconviction relief lists his claims concerning the stun belt and the ineffective assistance of trial counsel in the same paragraph.

[3] The circuit court, however, did go on to explain why the three grounds asserted by Price failed, "[l]est Defendant/ Petitioner file anything further herein alleging fact that the delay was not due to his culpable negligence . . . ." Doc. 14, Exh. H. The trial court found the appellate court's decision on direct appeal "res judicata or dispositive of the first two grounds." The circuit court is presumably referring to the first two grounds as listed in Price's Petition which included ineffective assistance of trial and appellate counsel, and the denial of due process and a fair trial because Price was forced to wear a stun belt during trial.

3

postconviction petition – due process and fair trial violations as a result of the stun belt – was raised and rejected on direct appeal and thus barred by *res judicata*. Price's postconviction appellate brief went on to state that Price's "second allegation, that this issue was not raised by appellate counsel, is refuted by the appellate court's decision." *Doc. 14, Exh. I at 10*. However, Price argued that "the final allegation contained in the petition for postconviction relief [, that Price suffered a deprivation of due process and fair trial rights because of the jury's exposure to unauthorized, prejudicial statements,] presented the gist of a claim of constitutional deprivation, could not have been raised on direct appeal, and requires an evidentiary hearing." *Doc. 13, Exh. I at 10*. Price ultimately argued on appeal that (1) his postconviction brief was timely, and that (2) he suffered a violation of his due process and fair trial right where the jury was exposed to unauthorized, prejudicial evidence which the trial court had ordered redacted and excluded.[4] *Id*.

The appellate court noted that the State had conceded the postconviction petition was timely filed and that Price conceded that the stun belt and ineffectiveness of appellate counsel claims were *res judicata*. The appellate court further found that Price forfeited the issues concerning the jury's exposure to unauthorized, prejudicial statements because he failed to raise that issue on direct appeal. Then, on October 4, 2009, Price filed a petition for leave to appeal to the Illinois Supreme Court and presented the following arguments: (1) the appellate court erred when it affirmed the trial court's dismissal of his postconviction petition pursuant to *Illinois v. Hodges*, 912 N.E.2d 1204 (Ill. 2009); and (2) the claims presented in the postconviction petition presented substantial constitutional violations as follows: (a) fair trial violation because he wore a stun belt during trial without a showing of necessity; (b) ineffective assistance of both trial and

---

[4]The brief filed by the Illinois State Appellate Defender's Office did not refer to Price's ineffective assistance of trial counsel claim that he included in his postconviction petition.

appellate counsel; and (c) fair trial violation based on the unauthorized, prejudicial tapes heard by jurors. Thereafter, on January 27, 2010, the state supreme court denied Price's petition for leave to appeal.

### III. Price's Current Collateral Attack under 28 U.S.C. § 2254

On October 7, 2009, Price filed the petition presently at issue, raising the following claims: (1) ineffective assistance of trial counsel because of trial counsel's failure to present the stun belt issue; (2) fair trial violation because he was forced to wear a stun belt; (3) ineffective assistance of appellate counsel because of appellate counsel's failure to raise trial counsel's ineffectiveness and the stun belt issue on appeal; and (4) fair trial violation because of the jury's exposure to unauthorized, prejudicial statements.[5] In other words, Price raises the same arguments here that he raised in his state court collateral attack.

## ANALYSIS

### I. § 2254 Generally

Before a federal court will grant habeas relief to a state prisoner, the prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Illinois, this "complete round" includes an appeal to the Illinois appellate court and at least a request to the Illinois Supreme Court for discretionary review. *Id.* at 845. If the state prisoner fails to exhaust his state court remedies on a claim, that claim will be procedurally defaulted.

---

[5]As previously discussed, Price did not object to the portion of the R & R concerning the unauthorized, prejudicial statements, and the Court found the recommendation that this claim be dismissed not to be clearly erroneous.

A procedural default may also occur when "the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985). The independent and adequate state law doctrine applies when "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

"Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default" or "when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense." *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *see also Murray v. Carrier*, 477 U.S. 478, 485, 496 (1986); *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999). Cause must "ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488-89. Where the cause is ineffectiveness of counsel, the defendant must have exhausted the underlying ineffectiveness claim in state court. *Id*. at 489. If defense counsel is constitutionally competent, his or her failure to raise a claim in a criminal appeal does not constitute cause for procedural default. *Id.* at 486. The constitution does not afford a right to counsel in postconviction proceedings. *Coleman*, 501 U.S. at 752 (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). Accordingly, a defendant cannot argue ineffective assistance of counsel based on the assistance of counsel in postconviction proceedings. *Id*.

Finally, in order to demonstrate a fundamental miscarriage of justice that would warrant consideration of a procedurally defaulted claim in a federal habeas petition, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him. *Rodriguez*, 193 F.3d at 917 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

## II. Ineffective Assistance of Trial Counsel Claim

In Price's Petition for Writ of Habeas Corpus, he first claims that his trial counsel was ineffective for failure to object to the use of a stun belt. Price failed to raise this claim in his direct appeal. He did raise this claim in his postconviction petition in the Circuit Court of Jackson County filed on June 26, 2007. Price, however, failed to include this issue in his appeal from the dismissal of his postconviction petition by the Circuit Court of Jackson County. Thus, Price failed to raise the ineffective assistance of trial counsel claim in a complete round of state court proceedings, and he procedurally defaulted this claim.

Price argues in his reply brief that procedural default "should be excused because failure to do [sic] would result in a miscarriage of justice." *Doc. 20 at 2*. Price, however, has failed to demonstrate that "it is more likely than not that no reasonable juror would have convicted him." *Rodriguez*, 193 F.3d at 917. This is best evidenced by the fact that Price makes no claims that he is actually innocent. Accordingly, Price fails to show a resulting miscarriage of justice that would excuse a procedural default.

In Price's objection to the R & R, he argues that the failure to raise trial counsel's ineffectiveness on direct appeal was due to appellate counsel's ineffectiveness. *Doc. 24* Price, however, failed to raise appellate counsel's ineffectiveness in the appeal of his state postconviction proceeding. Ineffective assistance of appellate counsel cannot constitute cause because that issue was not raised in a full round of state court proceedings. *See Murray v.*

7

*Carrier*, 477 U.S. 478, 488-89 (1986). Accordingly, Price procedurally defaulted this claim.

### III. Due Process and Fair Trial Violations Resulting from Stun Belt

Price also argues in his Petition that his due process and fair trial rights were violated when he was forced to wear a stun belt during trial without a finding of necessity by the court. Price raised this argument in one complete round of state court proceedings during his direct appeal. Respondent, however, argues that this claim is procedurally defaulted because the appellate court rejected this claim on an independent and adequate state ground.

The appellate court reviewed this claim under Illinois' plain error doctrine because "defendant admit[ted] that his failure to raise in a written posttrial motion the issue of his wearing of a stun belt during the trial constitutes a procedural default of the issues . . . ." *Doc. 14, Exh. D*. The appellate court, however, did not find plain error, and the claim was procedurally defaulted. Because Price failed to raise this claim in a post-trial motion, he failed to meet an Illinois procedural requirement as required by *Coleman*. Accordingly, the Illinois appellate court judgment rests on independent and adequate state grounds, and this issue is defaulted.

### IV. Ineffective Assistance of Appellate Counsel Claim

Price's third and final argument asserts that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to present the stun belt issue. Price raised this issue in his *pro se* postconviction petition in the Circuit Court of Illinois; however, counsel failed to raise this issue on appeal stating that it was "refuted by the appellate court's decision." *Doc. 14, Exh. I at 10*. Then, in Price's *pro se* petition for leave to appeal to the Illinois Supreme Court, Price once again raised this issue.

Price asserts that he "wrote appellate counsel [on direct appeal] a letter requesting counsel to raise ineffective assistance of trial counsel appeal [sic]," and that "[a]ppellate counsel was

constitutionally ineffective when counsel omitted a significant and obvious issue on [direct] appeal." *Doc. 24*. The R & R recommends this claim was procedurally defaulted because it did not receive a complete round of state court proceedings as it was not raised on appeal in Price's postconviction proceedings. Price, however, argues that his ineffective assistance of appellate counsel claim is not procedurally defaulted because "had [postconviction appellate] counsel provided a reasonable level of assistance there is a reasonable probability that the outcome would have been different." *Doc. 24*. Price was not constitutionally entitled to counsel at the postconviction appeal. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) ("There is no constitutional right to an attorney in state postconviction proceedings."). Thus, postconviction appellate counsel's failure to raise the ineffective assistance of appellate counsel does not constitute cause to excuse a procedural default. *See id*. at 752-53 (finding that error by counsel in a postconviction proceeding cannot be constitutionally ineffective, and defendant must "bear the risk of attorney error that results in a procedural default"). Because Price failed to raise the ineffective assistance of appellate counsel claim on appeal from denial of his state postconviction petition, this claim did not receive one complete round of state court proceedings. Accordingly, Price procedurally defaulted this claim

## CERTIFICATE OF APPEALABILITY

Upon entering an order denying habeas relief, the Court must issue or deny a Certificate of Appealability ("COA"). *See* Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. A district court will issue a COA for a habeas petition decided on procedural grounds " when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It may be debatable whether Price states a valid claim of the denial of a constitutional right. However, jurists of reason would not find it debatable that Price defaulted his claims. Accordingly, a COA will not issue.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Frazier's R & R (Doc. 21), whereby the Court **DENIES** Price's Petition for Writ of Habeas Corpus (Doc. 1), and the Court declines to issue a COA.

**IT IS SO ORDERED**
**DATED: June 14, 2011**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**